UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIANA LEAKAS, et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>MONTEREY BAY MILITARY HOUSING, LLC, et al.,<br><br>             Defendants. | Case No. 22-cv-01422-VKD<br><br>**ORDER RE JULY 28, 2023 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 42 |

The parties ask the Court to resolve their dispute concerning the following matters: (1) location of defendants' deposition of plaintiff Briana Leakas; (2) defendants' request for independent medical examination of Ms. Leakas; and (3) plaintiffs' request for production of defendants' operating agreement.[1]  Dkt. No. 42.  The Court held a hearing on August 8, 2023.  Dkt. No. 44.  For the reasons explained at the hearing and below, the Court resolves these disputes as follows:

1. <u>Defendants' deposition of Ms. Leakas</u>:  In view of plaintiffs' showing that it would be difficult for Ms. Leakas to travel to California for her deposition, the Court will not require her to do so.  *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-3078-JSC, 2015 WL 13423886, at *1-2 (N.D. Cal. Aug. 11, 2015) (discussing relevant considerations for location of party deposition).  If defendants wish to take Ms. Leakas' deposition in person, they may take the deposition in the city where she resides in North Carolina.  Plaintiffs shall reimburse defendants

---

[1] The parties' discovery dispute letter also described a dispute concerning plaintiffs' request for inspection of the subject premises, but at the hearing the parties advised that they resolved this dispute without the Court's assistance.  Dkt. No. 44.

for the reasonable cost of airfare and accommodation for one attorney to travel to North Carolina for the deposition. Alternatively, defendants may elect to take Ms. Leakas's deposition using Zoom or another videoconference means.

2. <u>Defendants' independent medical examination of Ms. Leakas</u>: At the hearing, defendants explained that they seek only a medical examination of Ms. Leakas, not a mental health or psychological examination. In addition, defendants explained that they now propose to conduct the medical examination of Ms. Leakas using Zoom. Dkt. No. 44. Plaintiffs represented that they do not object to such an examination. *Id.* As the parties have reached an agreement on this matter, there is no dispute for the Court to resolve.

3. <u>Plaintiffs' request for production of the MBMH operating agreement</u>: Defendants must promptly produce the operating agreement to plaintiffs. Defendants may designate the document as necessary and appropriate under the protective order.

**IT IS SO ORDERED.**

Dated: August 8, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge