UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIANA LEAKAS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MONTEREY BAY MILITARY HOUSING, LLC, et al.,<br><br>    Defendants. | Case No. 22-cv-01422-VKD<br><br>**ORDER RE DEFENDANTS' MOTION TO MODIFY CASE SCHEDULE**<br><br>Re: Dkt. No. 48 |

Plaintiffs Briana Leakas and her minor son, D.L. (along with Theodore Leakas, D.L.'s guardian ad litem), bring this tort action for personal injuries they claim they sustained as a result of toxic mold contamination in the home they leased while living on the U.S. Army Garrison Presidio of Monterey. On June 15, 2022, the Court issued a case management order setting deadlines, including a deadline for a December 19, 2023 hearing on dispositive and *Daubert*[1] motions, a February 21, 2024 final pretrial conference, and a 10-day jury trial beginning on March 6, 2024. Dkt. No. 31.

Defendants now move to modify the case schedule to permit them to belatedly file *Daubert* motions, which should have been filed no later than November 14, 2023. Dkt. No. 48. Specifically, defendants request that the hearing deadline be extended for at least 35 days to a date in late January 2024. *See id.* at 1, 4. Plaintiffs oppose the motion. Dkt. No. 50. The Court took the matter under submission without oral argument. Dkt. No. 49. Upon consideration of the moving and responding papers, the Court orders as follows:

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16(b) "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory comm. note (1983)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. "If that party was not diligent, the inquiry should end." *Id*.

Defendants do not address Rule 16 in their motion. Nor do they make the required showing of diligence. Indeed, the record before the Court plainly demonstrates defendants' lack of diligence. As noted above, the December 19, 2023 deadline for hearing any *Daubert* motions was set about a year and a half ago. Dkt. No. 31. Thereafter, the parties jointly moved on January 20, 2023 to extend fact discovery and expert disclosure and discovery deadlines (Dkt. No. 38), and against on August 22, 2023 to further extend expert disclosure and discovery deadlines (Dkt. No. 46). In the orders granting those requested extensions, the Court specifically stated that the *Daubert* "motion hearing deadline (December 19, 2023), final pretrial conference (February 21, 2024), and jury trial (March 6-8, 11-15, 18-19, 2024) remain as set in the June 15, 2022 case management order. Dkt. No. 31." *See* Dkt. No. 39 at 1-2; Dkt. No. 47 at 1-2. Additionally, at an August 8, 2023 discovery hearing, the Court expressly told the parties that the court-ordered dispositive/*Daubert* deadline was a *hearing* deadline, which the Court was not inclined to extend, and that the parties would have to work backward from that date to get the associated motion filing deadline. *See* Dkt. No. 44.

Although defendants state that "it is apparent now that the parties should also have requested an extension of the deadline to hear *Daubert* motions," and that the failure to do so was the "result of mistake and/or inadvertence" (Dkt. No. 48 at 2), on this record the Court cannot fathom how defense counsel could have "inadvertently" overlooked the December 19, 2023

2

*Daubert* hearing deadline and the associated November 14, 2023 motion filing deadline, until this month. Defendants maintain that good cause exists for their requested extension because plaintiffs' experts were not available for deposition until December 4, 2023, which "left Defendants without adequate time to pursue a *Daubert* motion if warranted by their deposition testimony].]" Dkt. No. 48 at 2. Defendants also state that one of the depositions could not actually proceed on December 4, 2023 as scheduled. *Id*. at 2-3. Yet, if these depositions were necessary for defendants to pursue *Daubert* motions, defendants do not explain why they apparently delayed the scheduling of those depositions. Indeed, plaintiffs' counsel avers that it was not until November 15, 2023 (i.e., one day after the November 14, 2023 motion filing deadline) that defense counsel first contacted his office to request deposition dates for plaintiffs' experts. Dkt. No. 50-1 ¶ 3. While defendants argue that good cause for an extension is also based on *Daubert* rulings another court made in a reportedly similar case, plaintiffs' counsel avers that defense counsel contacted his office concerning those rulings "on October 31, 2023, but thereafter did not mention or discuss *Daubert* motions with our office until December 4, 2023—the day before the instant motion [to modify the case schedule] was filed." *Id*. ¶ 4. In any event, this Court expresses no opinion on the viability of defendants proposed *Daubert* challenges, which must be evaluated on its own merits in the present case.

In sum, defendants have not established the diligence necessary to warrant modification of the case schedule, and their counsel's conduct falls below the level of diligence expected of attorneys appearing before this Court.

But while the Court appreciates that plaintiffs feel that they will be prejudiced by the diversion of time and resources that otherwise would be spent on trial preparation, the Court nevertheless finds that an order permitting defendants to file *Daubert* motion(s) is compelled by the Court's "basic gatekeeping obligation" to "'ensure that any and all scientific testimony . . . is not only relevant, but reliable,'" particularly in view of the fact that plaintiffs intend to present expert testimony to a jury. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert*, 509 U.S. at 589).

Accordingly, the Court will permit defendants to file *Daubert* motion(s) as follows:

Defendants' *Daubert* motion(s) are due by **December 15, 2023.**

Plaintiffs' opposition/response is due by **January 5, 2024**.

Defendants' reply is due by **January 8, 2024**.

The Court will hear defendants' *Daubert* motions on **January 18, 2024, 10:00 a.m.** in Courtroom 2.

Nevertheless, "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (internal quotations and citation omitted). Rule 16(f) provides that a court, "[o]n motion, or on its own," "may issue any just orders" if a party or its attorney "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "Instead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees— incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added); *see also Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) ("The 1983 amendments to Rule 16 make clear that the rule is broadly remedial and its purpose is to encourage forceful judicial management.").

For the reasons discussed above, the Court finds that defendants' noncompliance with the scheduling order was not substantially justified. Under the circumstances presented, the Court further finds that plaintiffs are entitled to recover their reasonable expenses, including attorney's fees, incurred in opposing defendants' present motion to modify the case schedule, and that the imposition of such expenses as a sanction is not unjust. Inasmuch as defendants' failure to comply with the scheduling order was due to their counsel's lack of diligence, defense counsel alone should bear such expenses.

If plaintiffs wish to recover such fees and costs, then by **January 5, 2024**, they shall file an application with the Court documenting their reasonable expenses, including attorney's fees, incurred in opposing defendants' present motion to modify the case schedule. Plaintiffs' submission must include any declarations, timesheets, or other documentation necessary to enable defendants and the Court to assess the reasonableness of the requested hourly rates and work

4

performed.  By **January 8, 2024**, defendants shall file a response, which shall address only the amount of the fees requested.  Plaintiffs' counsel shall file a reply by **January 12, 2024**.  Unless otherwise ordered, the matter of the requested fees and costs will be deemed submitted on the papers without further oral argument.  If plaintiffs do not file their application for fees and costs by January 5, 2024, they will be deemed to have waived any such request.  Alternatively, the parties may stipulate to an amount of fees and costs the Court should award plaintiffs, and submit that stipulation by **January 5, 2024**.

**IT IS SO ORDERED.**

Dated: December 12, 2023

Virginia K. DeMarchi
United States Magistrate Judge