UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIANA LEAKAS, et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>MONTEREY BAY MILITARY HOUSING, LLC, et al.,<br><br>   Defendants. | Case No. 22-cv-01422-VKD<br><br>**REDACTED**<br><br>**ORDER GRANTING PETITION TO APPROVE MINOR'S COMPROMISE**<br><br>Re: Dkt. No. 100 |

Plaintiffs Briana Leakas and her minor son, D.L. (along with Theodore Leakas, Ms. Leakas's spouse and D.L.'s guardian ad litem), filed this action for personal injuries they claim they sustained as a result of toxic mold contamination in the home they leased from defendants while living on the U.S. Army Garrison Presidio of Monterey from about June 2019 through May 2020. Plaintiffs' amended complaint (the operative pleading) asserts ten state and common law claims for relief: negligence (claim 1); nuisance (claim 2); negligent misrepresentation (claim 3); negligent infliction of emotional distress (claim 4); breach of implied warranty of habitability (claim 5); breach of implied covenant of quiet use and enjoyment (claim 6); gross negligence (claim 7); premises liability (claim 8); constructive (wrongful) eviction (claim 9); and fraud-concealment (claim 10). Dkt. No. 34.

On February 20, 2024, shortly before the jury trial was scheduled to begin, the parties advised that they reached a settlement of the action. Dkt. No. 97. Plaintiffs now move for the Court's approval of the settlement of the claims brought on behalf of D.L., who is now five years old. Dkt. No. 104. The settlement contemplates a total payment of ███████, of which ███████

will be allocated to D.L.[1] Dkt. No. 104 at 4; *see also* Dkt. No. 104-1. No fees or costs will be deducted from D.L.'s portion of the settlement. Dkt. No. 104 at 4; Dkt. No. 104-1, Ex. A. Plaintiffs propose that D.L.'s settlement funds be delivered to Briana and Theodore Leakas, who will deposit the funds into an account, subject to withdrawal only by D.L. when he reaches the age of majority and upon authorization by this Court. *See* Dkt. No. 100-2; 104 at 4; Dkt. No. 104-1 ¶¶ 8, 9.

Defendants have not filed any opposition or otherwise responded to plaintiffs' petition for approval of the settlement with respect to D.L., and the time for doing so has passed. The matter is deemed suitable for determination without oral argument. The April 30, 2024 hearing is vacated. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court grants plaintiffs' petition for approval of the settlement of D.L.'s claims.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In making that determination, courts must "focus[] on the net recovery of the minor plaintiffs under the proposed agreement," and "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182. "In other words, in this context, the fairness determination is an independent, not a comparative inquiry." *Id.* Although the Ninth Circuit expressly limited

---

[1] The Court has granted the parties' request to maintain the unredacted petition and the unredacted version of Mr. Webb's supporting declaration under seal. *See* Dkt. No. 105  The specific settlement amounts will be redacted from the publicly filed version of this order.

its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, *see id.* at 1179 n.2, courts in this district have applied the *Robidoux* standard in cases involving the settlement of both federal and state claims. *See J.R. by and through Ringer v. Lakeport Unified Sch. Dist.*, No. C18-06211 WHA, 2019 WL 6219034, at *2 (N.D. Cal. Nov. 21, 2019) (citing cases). California law, which governs the state law claims in this action, also requires that a settlement for a minor be approved by the court. *See* Cal. Prob. Code § 3600, *et seq.*

This order finds that the settlement of D.L.'s claims is fair and reasonable, in light of the facts of this case, and the range of recovery found reasonable in similar cases.[2] Although plaintiffs contend that D.L. experienced "some symptoms that may have been caused or exacerbated by" the condition of the subject property, they also note that his symptoms were transitory, and that he has recovered completely, with no permanent injuries and no need for ongoing medical attention. *See* Dkt. No. 104-1 ¶ 5 & Ex. A at ECF 6, 16. With respect to the proposed method of disbursement, the proposed procedure for disposition of the funds—delivering them to Mr. Leakas to be deposited into an account, with the funds to be withdrawn only by D.L. upon reaching the age of majority and upon authorization from the Court—comports with the California Probate Code, as the record demonstrates that D.L.'s estate is less than $5,000. *See* Cal. Prob. Code §§ 2456, 3401, 3402, 3602.

Accordingly, plaintiffs' petition to approve the settlement of D.L.'s claims is granted. The sum of ■ shall be paid to Theodore Leakas, to be deposited into an account in trust for D.L., with the funds to be withdrawn only by D.L. upon reaching the age of majority and upon authorization from the Court.

By **April 24, 2024**, the parties shall file a joint status report stating when they anticipate

---

[2] *See, e.g., Beck v. Camp Pendleton & Quantico Housing, LLC*, No. 20-cv-0579-LAB WVG, 2022 WL 18460770 (S.D. Cal. Nov. 14, 2022), *report and recommendation adopted by* 2023 WL 411351 (S.D. Cal. Jan. 25, 2023); *Whale v. Lincoln Military Prop. Mgmt. LP*, No. 22-cv-00160-CAB-JLB, 2022 WL 1746613 (S.D. Cal. May 31, 2022), *report and recommendation adopted by* 2022 WL 3137933 (S.D. Cal. June 6, 2022); *Smith v. AMETEK, Inc.*, No. 3:20-cv-2359-TWR-BLM, 2021 WL 4077580 (S.D. Cal. Sept. 8, 2021), *report and recommendation adopted by Smith v. Camp Pendleton & Quantico Housing, LLC*, No. 20-cv-02359-TWR (AGS), 2021 WL 4805532 (S.D. Cal. Oct. 14, 2021).

1  filing a stipulation for dismissal.

2  **IT IS SO ORDERED.**

3  Dated: April 17, 2024

Virginia K. DeMarchi
United States Magistrate Judge

4